JOHN B. F. RUSSELL, plaintiff in error *v.* DANIEL HUGUNIN and HIRAM PEARSONS, defendants in error.

*Error to the Municipal Court of the City of Chicago.*

The Court from which an execution issues, after the satisfaction of a judgment, should, on motion, set aside the execution and sale under it.

Where a judgment was recovered by H. against R. and P., on a note, and H. gave an order to B., on H.'s attorneys, for the proceeds of the note when collected, and P. afterwards arranged the matter by depositing the amount of the judgment with B., and P. brought a memorandum to that effect from B. to one of H.'s attorneys, who was also the general attorney for B., and P. stated to the attorney that he did not wish the judgment satisfied, but wished to use the judgment so as to protect himself, as the judgment was a lien on R.'s real estate, to which the attorney assented, and directed execution to issue, which was issued, and the property of R. sold under it, by the sheriff, who received his instructions from P., who purchased the property; and after the sale the sheriff paid over to, the attorney P.'s check on B. for the amount of the judgment, and the attorney receipted the execution, and paid the check to B., which was credited to.H. on the books of B.: *Held* that the judgment was satisfied by the arrangement made with B. before the sale, it appearing that B. so understood it; and it being proved that P. had declared that he had paid it, and represented to a person of whom he obtained a loan of money on mortgage, that the judgment was satisfied. *Held,* also, that it was competent for H. or P. to have shown that the payment to B. was not in extinguishment of the judgment.

DANIEL Hugunin recovered a judgment in the Municipal Court of the City of Chicago, against John B. F. Russell and Hiram Pearsons, who were impleaded with J. M. Faulkner, upon a promissory note made by Faulkner, as principal, and Russell and Pearsons, as sureties; and being indebted to the Chicago Branch of the State Bank of Illinois, gave the Cashier of said Branch, an order on Morris and Scammon, his attorneys, for the proceeds of the note when collected. Pearsons deposited in said Branch the amount of the judgment, and brought to Scammon, one of Hugunin's attorneys, a memorandum from the Cashier, that he had made a special deposite of that amount, or something to that effect, and stated to him that he did not wish the judgment satisfied, but wished to use the judgment in order to protect himself, as the judgment was a lien on his co-defendant's real estate.

Scammon assented, and directed an alias writ of execution to

issue, but took no other concern in the matter. After the sale of Russell's lands upon the *alias* execution, the deputy sheriff brought to Scammon, the check of Pearsons for the amount of the judgment, which he received, and receipted the execution as the attorney of Hugunin, and paid the check over to the Cashier of the Chicago Branch Bank, who credited Hugunin with the amount.

Russell, having given notice to Hugunin and Pearsons of his intention so to do, made a motion in the Municipal Court of the City of Chicago, at the April term, 1838, the Hon. Thomas Ford presiding, to quash the execution and set aside the sale under it. The motion was resisted; and on the hearing, numerous affidavits were read, in relation to the declarations of Pearsons at the time he made the arrangement with the Bank and subsequently.

The Cashier of the Bank testified that the amount arranged with him by Pearsons, was included at the time of the arrangement, in a note and mortgage executed by Pearsons to the Bank, to secure his indebtedness to the same, and that he understood the arrangement to be a payment of the judgment. Much other testimony was introduced, the substance of the material parts of which is stated in the opinion of the Court.

JESSE B. THOMAS, for the plaintiff in error.

GILES SPRING, for the defendants in error.

SMITH, Justice, delivered the opinion of the Court:(1)

The plaintiff in error prosecuted a motion to set aside an *alias writ of fieri facias* and the sale under the same, of certain real estate of the plaintiff in error, and to compel the plaintiff, in the original action, to enter satisfaction of record, on the ground that the judgment had been fully paid and satisfied by Pearsons, who was a co-defendant with Russell, before the suing out of the *alias* writ of *fieri facias*, and before sale had under the same. The Municipal Court overruled and dismissed the motion; to which opinion and order of the Municipal Court, the plaintiff in error excepted; and the facts on which the application was based and resisted, appear in the bill of exceptions.

From an attentive consideration of the evidence contained in the depositions, we have concluded that this evidence establishes,

1. The payment of the full amount of the judgment by Pearsons, one of the co-defendants, to the agent of the plaintiff in the original judgment, under a written authority from Hugunin, the plaintiff, to receive the same; and that the agent applied this amount so received on the judgment, to the payment of a bill of exchange due by Hugunin to the Branch of the State Bank of

(1) LOCKWOOD, Justice, gave no opinion in this case.

Illinois at Chicago, of which Hugunin's agent was then the Cashier, the Bank being the holder of the bill.

2. That after this payment the *alias* writ of *fieri facias* was issued, and placed in the hands of the deputy sheriff, Smith, who swears that Pearsons, the co-defendant of Russell, had the entire control of the writ of execution. That he, Smith acted under his orders, and not the plaintiff, Hugunin's, (who declared he had no longer any interest in the cause,) and sold the real estate named in his return, by the directions of Pearsons, who also became the purchaser.

There are other facts attending the transaction, showing clearly that Pearsons, after the payment, represented the judgment as discharged, and that it was no longer a lien on his real estate, and that he did actually effect loans on mortgage of his real estate, under such representations. We cannot doubt, then, that the payment extinguished this judgment, and that the parties so intended the payment should be applied. It does not appear that Pearsons owed to Hugunin any money on any other account, and if the money so paid, was not intended to be so applied, to what possible object was it to be carried? Pearsons would not surely make it a gratuity; and the only rational inference to be drawn from the facts, is, that as it was paid on the order to Brown, the Cashier of the Bank, and corresponded with the amount of the judgment and interest thereon up to the day of payment, it was paid in extinguishment thereof. Brown so considered it, and all the parties at the time. The subsequent application of Pearsons to Brown, to alter the entries on the books of the Bank, shows that it was an after-thought of Pearsons, to change the application for the purposes of using the execution to enforce the payment of the judgment by Russell; and it appears that the real estate of Russell was sold to the amount of the whole judgment, not for a moiety, which in equity each party might be liable only to pay, as between them. There is one circumstance which it seems to us is conclusive in this question. It was competent for Pearsons or Hugunin to have shown, on the hearing, that the payment to Brown was not in extinguishment of the judgment; not having done so, the conclusion is irresistible, that the payment was made on the judgment, and if so, then it was in satisfaction thereof. Considering that the judgment was fully satisfied by the payment to Brown, we are of opinion that the judgment of the Municipal Court was erroneous, and should be reversed.

It is therefore ordered that the judgment of that Court overruling the motion, and dismissing the same, be reversed; and this Court proceeding to render such judgment as the Municipal Court ought to have done, do order and adjudge, that the said writ of *alias fieri facias,* and the sale, and all other proceedings founded thereon, be set aside and annulled, and for nothing

esteemed, and that the plaintiff, Hugunin, enter satisfaction of record on said judgment in the Circuit Court of the county of Cook, and that the plaintiff in error recovers his costs in this Court and the Court below. And it is further ordered, that the clerk of this Court certify this judgment to the clerk of the Circuit Court of the county of Cook, where the records and proceedings of the said Municipal Court have been transferred by the law abolishing the said Municipal Court, in order that the said Circuit Court shall do what of right ought to be done in the premises, to give effect to this judgment, and cause satisfaction of record to be entered on said judgment.

*Judgment reversed.*