## THE LUMBERMAN'S INSURANCE COMPANY
### *v.*
### CHARLES H. PREBLE *et al.*

1. RELEASE—*by one of several joint obligees—its effect as to those not joining therein.* One of several joint payees or obligees, may receive payment or satisfaction, and discharge the entire obligation, and the others will be bound by his acts in that regard. This is the general rule.

2. But this rule has its exceptions, as, where the payee of a note sells and transfers it by delivery, without assignment, and the maker pays the payee with notice of the transfer; in such case, the courts will protect the rights of the equitable holder.

3. And the same is true of a like transfer of an obligation not negotiable. In such a case, the payment, or the performance of the agreement in such a manner, is a fraud upon the equitable holder, and the courts will not permit its perpetration.

4. But while it is true, that one of several joint obligees may execute a valid release by which the entire obligation will be discharged, yet, to give the release that effect, it must be the intention of the parties to the release that it shall so operate, unattended by any fraud upon the rights of those of the obligees who do not join in the execution of the release.

5. So, where a policy of insurance was issued to three persons, a loss having occurred, the insurer proposed to two of the assured that he would pay them a given sum if they would release the entire policy, or a less sum if they would release their proportionate interest in the insurance money ; they accepted the latter proposition, and signed a paper which the insurer represented to be a release only of their two-thirds interest, when, in fact, by its terms, it was a release of the entire policy. It was *held*, that, reading the release in the light of these facts, it could not operate to discharge the obligation on the policy as to the assured who did not join in the release, and had no knowledge of its execution. Either the parties to the release did not intend it should so operate, or the insurer intended to defraud the assured who did not join in it, and the existence of either fact would protect him.

APPEAL from the Circuit Court of McLean county ; the Hon. JOHN M. SCOTT, Judge, presiding.

The facts in this case are fully presented in the opinion of the court.

Messrs. GREENE & LITTLER, for the appellants.

Messrs. WILLIAMS & BURR, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears in this case that appellees owned a lot of ground in separate portions, and that the entire lot was covered by a building. The lower story was divided into three rooms, according to the portion of the lot held by each, and these rooms were in the possession of each of the several owners, but the upper story was all in one room, and the possession of that portion was in common. On the 25th day of January, 1866, appellants executed a policy of insurance to appellees, on this building. At that time, Houseman owned one-third

of the property, but subsequently sold it to McNaught, and at the time the sale was made, Houseman's interest in the policy was duly assigned to McNaught.

Subsequently, the property was destroyed by fire, and proofs of loss made. The company declined to pay Preble, but offered the other parties to the policy to pay them two-thirds of the insurance money if they would procure a release in full, or to pay them $1,000 each for their release. They went to Chicago, saw the general agent of the company, and accepted the latter proposition; executed a release on the back of the policy, which they delivered to the agent, received the money, and returned to Preble a duplicate of the policy. And he thereupon brought this suit in the name of the appellees for his use, to recover his interest in the insurance money.

On these facts, the court below, who tried the case without a jury, by consent of the parties, found the issues for plaintiffs, and after overruling a motion for a new trial, rendered a judgment in their favor.

The only question which appellants raise on this record, is that the release executed by Steller and McNaught, released the entire cause of action, and is a bar to any recovery on it in favor of themselves, or for the use of Preble. It is contended that a release by one of several joint obligees, releases the entire obligation, and that the others are thereby barred of recovering on the deed. That when McNaught and Steller received $2,000 and executed this release, they released the entire cause of action, and that the court erred in finding for the plaintiffs the share of the insurance money coming to Preble. The release is full and formal, of all causes of action on the policy, and was duly signed, sealed and delivered. It, therefore, presents the question of its effect on the portion of the insurance money coming to Preble, and which he did not receive or consent to have released, as it appears the release was given without his consent or even his knowledge.

It seems to be well settled, that one joint payee or obligee may receive payment or satisfaction, and that the others will

be bound by his acts. It is not for the payor or obligor to know or ascertain the *quantum* of interest which each payee or obligee has in the money to be paid or the thing to be done, and hence he has the legal right to discharge his liability by paying to one of the obligees. To this rule there are some exceptions, as where the payee of a note sells and transfers it by delivery without assignment, and the maker pays to the payee with notice of the transfer; in such a case the courts will protect the rights of the equitable holder. And the same is true of a like transfer of an obligation not negotiable. In such cases, the payment or the performance of the agreement in such a manner is a fraud upon the equitable holder, and the court will not permit its perpetration. And of this character are the New York authorities to which appellee refers in his brief.

The doctrine is equally well settled, that one of several obligees may execute a valid release, by which the entire obligation will be discharged. But to do so, it must be intended, and must be free from all fraud upon the rights of obligees not joining in the execution of the release. In the case of *Parmelee* v. *Lawrence*, 44 Ill. 405, it was held, that where one of several payees of a note paid what he and the creditor estimated as his proportion of the debt, and a release was given, exonerating him from further liability on the note, it did not discharge the other makers; that as the payee did not intend to discharge the entire debt, it would be wrong to enforce the release, contrary to its terms and his intention. While that case differs from this, and in so far as the release was given to one of the payors by the payee, in this it was given by one of the obligees to the obligor, still it announces a rule that must govern this case.

Steller and McNaught both swear they did not intend to release anything beyond their claims, which they were discounting one-fourth or more. Nor does it appear that the agent of the company proposed to them to release Preble's interest. He had only proposed to take their release, if they

would receive $1,000 each for their several claims, or if they would procure a release in full, he would pay them $1,333.33 each; and they only accepted the proposition to take each $1,000. It then followed, that they were only to release their interest in the money due them under the policy. Steller swears he informed the agent, at the time, that he could only "sign" his own claim, and that they said he was only releasing his own claim. He swears he did not read the release, and was unable to have done so, and seems to have relied entirely upon what the agent told him in reference to its effect.

McNaught testified that he understood they would pay him $1,000 outside of the policy, and leave it good, and those were the considerations upon which he signed the release; and that the agent said he would pay them but $1,000 each, and would retain the balance to law Preble.

From this evidence, it is manifest there was no intention on the part of Steller and McNaught to release Preble's interest, and that the agent studiously avoided insisting they should, or that such would be the effect of the release. If Steller testifies truly, the agent perpetrated a fraud upon him, as he was unable to read the release.

Taking all the evidence in the case, we are clearly of the opinion that it was not the intention of Steller and McNaught to release the claim of Preble, and it seems to have been the intention of the agent that they should not, unless he was planning a fraud, and seeking to obtain an unjust advantage. And let it have been one or the other, the release could not discharge Preble's claim. If none of the parties intended it should, then it would be unjust to give it effect contrary to such intention. On the other hand, if the agent intended it to have that effect, and disclaimed such intention, and procured it by fraud, then it could not be enforced, because of its invalidity. One or the other of these propositions must be true.

The judgment of the court below must be affirmed.

*Judgment affirmed.*