98 605
31a 407

## ALEXANDER P. MOORE

*v.*

## THADDEUS P. STANWOOD.

*Filed at Ottawa May 14, 1881.*

1. RELEASE—*when a discharge of all.* The technical rule by which a release of one joint debtor is made to operate as a discharge of all, is not to be extended to cases not within the reason and equity of the rule.

2. SAME—*composition in bankruptcy.* A composition between a bankrupt debtor and his creditors, and the payment of the amount assented to, while a satisfaction of the debt, so far as the bankrupt is concerned, does not operate to discharge and release one jointly indebted with the bankrupt. Whether the creditor consents to such composition or not makes no difference.

3. Although the Bankrupt law declares that the composition, when paid, shall be a satisfaction of the *debt* due to the creditor from the debtor, the true meaning is that it is a satisfaction of the liability involved, and that the legal effect is not to extinguish the debt, in so far as relates to the liability of others not parties to the proceeding.

4. APPELLATE COURT—*finding of facts by.* This court is not allowed to assume any fact as shown, in a case at law coming from the Appellate Court, from the finding by that court of circumstantial evidence tending to establish such fact. Whether circumstantial evidence is *sufficient* to prove any ultimate fact, is not a question of law.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. ROSENTHAL & PENCE, for the plaintiff in error:

The composition having been joined in by the three creditors, the sisters of Topliff, discharging and releasing Bliss and Topliff from all liability, operates as a legal discharge of Moore. *Parmalee* v. *Lawrence,* 44 Ill. 405; *Benjamin* v. *McConnell,* 4 Gilm. 536; *Rice* v. *Webster,* 18 Ill. 331.

The supplement to the Bankrupt law, passed June 20, 1874, set up a new system, independent of the general provisions of the Bankrupt law, and in nowise controlled thereby

its operation; and the provision, saving a right of action against a co-obligor, as found in sec. 33 of the Bankrupt law of 1867, does not apply to a composition, but only applies when there is a general discharge under the Bankrupt law proper. *In re Rogers,* 18 Bank. R. 252; *Wells* v. *Dempsey,* 16 id. 205; *In re Schafer,* 17 id. 116; *Bamberger* v. *Stein,* 18 id. 74; *In re Haskell,* 11 id. 164; *In re Odell,* 16 id. 501.

By a dissolution of the co-partnership, and an assumption of these debts by the continuing partners, as between them and the outgoing partner the remaining ones became the principal debtors; and if, after this dissolution, with a knowledge of this fact, the creditors extend the time of payment to the parties assuming the debt, or do anything whereby such surety is damnified, he will thereby be discharged. *Oakley* v. *Pasheller,* 4 Cl. & F. 207; *Wilson* v. *Lloyd,* L. R. 16 Eq. 60; *Smith* v. *Sheldon,* 35 Mich. 42; *Colgrove* v. *Tallman,* 67 N. Y. 96; *Millard* v. *Thorn,* 56 id. 405; *In re Times Life Ins. Co.* Law Rep. 5 Ch. 381; *Fleming's case,* L. R. 6 Ch. 393; *Colgrove* v. *Tallman,* 2 Lansing, 97.

Messrs. HOLMES, RICH & NOBLE, for the defendant in error:

That the composition did not discharge Moore, counsel cited *Mason & Hamlin Organ Co.* v. *Bancroft,* 4 Cent. L. J. 295; *Megrath* v. *Gray,* 9 Law Rep. (C. P.) 216; *Ex parte Jacobs,* 44 Law J. Rep. (Bankruptcy), 34; *Guild* v. *Butler,* 122 Mass. 128; *In re Long,* 9 R. R. 227.

Mr. CHIEF JUSTICE DICKEY delivered the opinion of the Court:

Samuel Bliss, Alexander P. Moore and Wm. B. Topliff were partners, doing business in Chicago as wholesale grocers, in 1871, under the name and style of Bliss, Moore & Co. After suspension of their business, by reason of the great fire of that year, they borrowed money to resume business. Among others of whom they borrowed were three

sisters of Topliff, living in Boston,—Mrs. Houghton, Mrs. Stanwood and Miss Topliff. Mrs. Houghton lent them $1700, Mrs. Stanwood $1650, and Miss Topliff $1650, and to each was given the note of this firm—for the amount by her lent—signed Bliss, Moore & Co., payable to the order of Wm. B. Topliff, five years after date, with interest at the rate of 10 per cent, payable semi-annually. Each of these notes was indorsed by Topliff. The notes all bore date October 26, 1871.

On January 1, 1875, the firm of Bliss, Moore & Co. was dissolved, and Moore sold and transferred to Bliss and Topliff all his interest in the merchandise and chattels on hand, of said firm of Bliss, Moore & Co., for a valuable consideration, and Bliss and Topliff formed a partnership, under the firm name of Samuel Bliss & Co., and continued the business as partners in the last named firm.

In January, 1878, the firm of Samuel Bliss & Co. having become insolvent, Bliss and Topliff, as partners, were adjudged bankrupts, and each of them was also adjudged a bankrupt individually.

In February, 1878, at the request of Bliss and Topliff, a meeting of the creditors of the bankrupt firm was called, to consider a composition to be offered by the bankrupts.

Each of these sisters of Topliff, being the three holders of these notes, and having proved them respectively against the estate of the bankrupt firm, were notified, among other creditors, and by an attorney in fact appeared at said meeting, and an offer of $42\frac{1}{2}$ cents on the dollar, made by these bankrupts, was by the requisite number and amount of creditors accepted, and reported in due form to the court, and duly confirmed by the court. The holder of each of these notes voted to accept the offer, and signed the petition to the court for confirmation of the composition, and afterwards accepted from said bankrupts the amount of $42\frac{1}{2}$ cents on the dollar; and thereby, under the Bankrupt law, the firm of Samuel Bliss & Co. were, by operation of law, discharged from all

liability on account of said notes, and their debt in that regard became satisfied.

Afterwards, the holder of each of these notes assigned and transferred the same to the plaintiff.

This is an action of assumpsit, brought by Stanwood against Bliss and Moore and Topliff, seeking to recover the unpaid balance of these notes. Moore alone was served with process. Judgment went against Moore, which, on appeal, was affirmed by the Appellate Court, and Moore brings the record here, upon writ of error, for review.

It is contended by counsel for Moore, that by the composition in the bankrupt court, and the payment of the amount thereof, the debts evidenced by these notes were absolutely extinguished, and hence that Moore, one of the joint debtors, was thereby discharged from all liability. The argument in support of this proposition is, that at common law, in such case, whatever satisfies the debt, or discharges or releases one of the joint debtors, is a satisfaction and release and discharge as to all, and, inasmuch as the Bankrupt act declares that the payment of the amount of such composition "shall be accepted in satisfaction of the debts due to them from the debtor," logically this must, by the rule, operate as a discharge of all the joint debtors.

This court, in *Parmelee* v. *Lawrence*, 44 Ill. 405, held that the technical rule by which a release of one joint debtor is made to operate as a discharge of all, is not to be extended to cases not within the reason and equity of the rule. So here, although the statute says the composition, when paid, shall be a satisfaction of the *debt* due to the creditor from the debtor, the true meaning is that it is a satisfaction of the liability involved, and that the legal effect is not to extinguish the debt, in so far as relates to the liability of others not parties to the proceeding. At all events, it has been decided in Massachusetts, and perhaps elsewhere, that such composition proceedings in favor of one joint debtor does not operate to discharge the others, and our attention

has not been called to any cases to the contrary, which turned upon this precise question.   This view is equitable and just, and does no violence to the rule in cases of technical release under seal.   We do not believe that it was the intention of congress to provide for the release of the solvent one of two joint debtors, by composition in bankrupt proceedings against the one who was insolvent.   The creditor whose name is placed *by the bankrupt* upon his schedule, is liable under the statute to be compelled to accept in satisfaction, and against his will, any given amount as composition which other creditors may approve and the court confirm.   It would be very unreasonable in such case to hold that he thereby lost all remedy against a solvent debtor, who was jointly liable with the bankrupt for the same debt.   But it is said that in this case the creditor consented to the composition.   This, in our judgment, can make no difference.   It is of the very essence of this proceeding for composition, that it shall operate alike upon the non-consenting creditor and upon the consenting creditor.   Any construction of the statute which would place the consenting creditor to a disadvantage, as compared with the non-consenting creditor, would violate both the letter and spirit of the statute, and would, in most cases, defeat the very purpose of the statute.   In our judgment, Moore can not defend successfully upon this ground.

It is, however, claimed by counsel for Moore, that the continuing partners, Bliss and Topliff, when they bought Moore's interest in the goods of the old firm, agreed with Moore to assume and pay the debts of the firm, and hence they thereby became the principal debtors, leaving Moore's liability that of a mere surety, and that the holders of these notes, with knowledge of these relations, gave time, and did perhaps other things by which Moore, as such surety, became released.

This defence can not be sustained upon the record in this case.   The allegation that Bliss and Topliff agreed with Moore that they would pay these notes, is not sustained by

any confession thereof in the pleadings, or by any finding, either in the Superior Court, in which the cause was originally tried, or in the record of the Appellate Court. It is true, there are certain circumstances, established of record by the finding of the Appellate Court, and by the stipulation of the parties, which tend to prove that proposition. This court, in ordinary actions at law, on appeal from or writ of error to the Appellate Court, can examine and decide questions of law only. Whether circumstantial evidence is *sufficient* to prove any ultimate fact, is not a question of law, and we therefore can not consider it. In the absence of the supposed fact of an agreement to assume the payment of these debts, made with Moore by Bliss and Topliff, there is no case to which to apply the law relating to the discharge of sureties.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*