JOHN THOMASON

v.

JOHN W. CLARK.

</div>

*Negotiable Instruments—Note—Principal and Surety—Indorsement of Payment by Joint Obligor—Effect of—Contribution—Evidence.*

1. An objection first made in this court to evidence admitted by the trial court, comes too late.

2. In an action brought to recover from one of two sureties upon a promissory note a balance claimed to be due, this court holds that the indorsement thereon of the sum paid by one of them did not release the other as to such balance, and that the same was to be considered as an agreement not to bring suit against the party having so paid.

<div align="center">[Opinion filed June 15, 1889.]</div>

APPEAL from the Circuit Court of White County; the Hon. C. S. CONGER, Judge, presiding.

Messrs. ORGAN & ORGAN, for appellant.

When one joint maker is released by written agreement all other joint makers are released, unless there is a reservation

on the face of the instrument of release. Parmelee v. Lawrence, 44 Ill. 405; Rice v. Webster, 18 Ill. 331; Benjamin v. McConnell, 4 Gilm. 536; 2 Daniels on Negotiable Instruments, 2d Edition, Secs. 1290–1310; Tuckerman et al. v. Newhall, 17 Mass. 581; Wiggins v. Tudor, 40 Mass. 434.

In this case the release was written on the back of the note and signed by the holder of the note and the payment made to him, the receipt on its face releasing all the claim the holder had in the note by its words: "Eighty-five dollars and 17-100 in full of my part on this note. John W. Clark;" and there is no reservation in the release.

It is true that the release here is in the form of a receipt, but it can not be contended that this writing did not have the effect to release Dr. Stewart. In fact it was the only effect it could have, as the other payments were simply written on the back of the note, while this one was dated, written out in full and signed by the holder, and all that can be said is that Clark did not mean to release Thomason; if so they must get his intention on that point from the instrument itself and not *aliunde*.

Mr. N. Holderby, for appellee.

It is claimed by counsel for appellant that the receipt on the back of the note is a release of Stewart, one of the joint obligors, and therefore releases Thomason, and to support this proposition counsel cites several authorities, the principal ones being Rice v. Webster, 18 Ill. 331; Benjamin v. McCormick, 4 Gilm. 536; also Parmelee v. Lawrence, 44 Ill. 405.

Now, we maintain that the case cited in 44 Ill. 405, holds a different doctrine, and that the weight of more modern decisions is against the doctrine held in the first two cases cited, a still later decision upon this point being Mueller v. Dobschuetz, 89 Ill. 176, where the rule is plainly set forth that where the release of one of several obligors shows upon its face and in connection with the surrounding circumstances that it was the intention of the parties not to release the co-obligors, such intention, as in the case of other written contracts,

shall be carried out, and to that end the instrument shall be construed as a covenant not to sue.

GREEN, P. J. This suit was commenced before a justice, from whose judgment an appeal was taken to the Circuit Court. A trial there by the court without a jury resulted in a finding and judgment for plaintiff for $94.60 and costs, to reverse which judgment the defendant took this appeal.

The suit was brought to recover of appellant a balance due upon a joint and several promissory note. The note was payable to Clark, executed by Hargrave, Thomason and Stewart, the two last named being sureties; was for $153, dated January 4, 1881, payable one year after date, with eight per cent interest; interest in full was paid to January 4, 1886, and was so indorsed on the note, and upon the back of the same this indorsement also appears: " Rec'd E. L. Stewart, June 3d, 1887, eighty-five and 17-100 dollars, in full of my part on this note. John W. Clark." The meaning and effect of this indorsement is one of the disputed questions submitted; and appellant also insists the Circuit Court erred in admitting the conversations between the parties in evidence. This last objection is urged for the first time in this court and comes too late to be considered by us. At the trial no objection was made to the admission of testimony, or exception taken to any ruling of the court with reference thereto. From this evidence it appears appellee spoke to the sureties, Stewart and Thomason, in the fall of 1886 or spring of 1887, about the collection of this note. It was then known Hargrave, the principal, was insolvent, and the sureties would have the note to pay.

In this conversation it was agreed between the sureties that each should pay the one-half of the note and interest, and the one paying his half first should be released from further liability on the note. To this agreement Clark, the appellee, assented, and afterward, on June 3, 1887, Stewart paid the sum indorsed of that date as a credit on the note. This written indorsement is claimed, on behalf of appellant, to be a release of Stewart, the legal effect of which was to absolve,

Thomason v. Clark.

appellant from further liability, and that such legal effect was not changed or affected by the verbal agreement and understanding between the parties in the conversation mentioned. Some support to this contention is given in Benjamin v. McConnell, 4 Gilm. 536; Rice v. Webster, 18 Ill. 331, and in the elementary treatise and Massachusetts cases cited; but in Parmelee v. Lawrence, 44 Ill. 405, our Supreme Court say: " The weight of modern authorities is against these cases, and in favor of the more reasonable rule that where the release of one of several obligors shows upon its face and in connection with the surrounding circumstances that it was the intention of the parties not to release the co-obligors, such intention, as in the case of other written contracts, shall be carried out, and to that end the instrument shall be construed as a covenant not to sue." The instrument so construed in that case was a release of one joint debtor under seal, reserving the rights of the creditor against the co-obligors, and in 1 Parsons on Contracts, 24, cited with approval in the opinion, it is said: " But though the word 'release' be used even under seal, yet if the parties (the instrument being considered as a whole, and in connection with all the circumstances of the case and the relation of the parties) can not reasonably be supposed to have intended a release, it will be construed as only an agreement not to charge the person or party to whom the release is given, and will not be given the effect of a technical release; for a general covenant not to sue one of many who are jointly indebted, does not discharge one who is a joint debtor to the covenantor, nor in any way affect his obligation."

The doctrine so announced in Parmelee v. Lawrence, *supra*, is approved in Moore v. Stanwood, 98 Ill. 605, where it is held, "the technical rule by which a release of one joint debtor is made to operate as a discharge of all, is not to be extended to cases not within the reason and equity of the rule." In the light of these authorities and the facts disclosed by this record, we are of the opinion the receipt indorsed on the note is to be construed as an agreement not to sue Stewart, leaving the liability of appellant unimpaired. The latter

agreed to this, promised to pay his proportionate share, and, if Clark is to be believed, fixed the time he would pay it. This he would have been obliged to contribute had his co-surety paid the whole. By his agreement he invited Clark to accept and receive Stewart's share, promising to pay his own, and ought not to have been permitted to avoid his liability by such construction of the indorsement as would defeat the real intent of all the parties in making the agreement. We discover no error requiring the reversal of the judgment of the Circuit Court and the judgment is affirmed.

*Judgment affirmed.*