### Delia Wallace, Appellee, v. J. M. Armstrong, Appellant.

### Gen. No. 29,797.

1. FORMER ADJUDICATION—*when notes not merged in decree and deficiency judgment as to maker not served.* Promissory notes upon which three persons were liable and which were secured by a mortgage on land in another State were not, as to one of such persons who was not personally served with process, merged in a foreclosure decree and deficiency judgment.

2. FORECLOSURE OF MORTGAGES—*satisfaction of deficiency judgment as to two defendants as satisfaction of codefendant not served.* Satisfaction of the deficiency judgment entered. in a foreclosure suit in another State as to two of the defendants did not constitute a satisfaction of the judgment as to a third defendant against whom the proceedings were *in rem* merely, especially where it appears that it was not the intention of plaintiff to release such defendant.

3. PLEADING—*filing of amended affidavit of merits as abandonment of stricken original.* The filing of a second amended affidavit of merits amounts to an abandonment of the prior affidavit which was stricken in part.

Appeal by defendant from the Municipal Court of Chicago; the Hon. Daniel P. Trude, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1924. Affirmed. Opinion filed April 13, 1925.

J. M. Camelon, for appellant.

Hoyne, O'Connor & Rubinkam, for appellee.

Mr. Justice Matchett delivered the opinion of the court.

This appeal is by the defendant, and the question argued in the briefs is the sufficiency of a second affidavit of merits to an amended statement of claim, which affidavit was stricken by order of the court. Default for want of an affidavit was then entered, evidence heard, and the finding and judgment for plaintiff to the amount of her claim was entered.

The stricken affidavit is not preserved by bill of exceptions or other method provided by the statute. It does not appear from the record whether the court, in striking it, passed upon the question of its sufficiency as a matter of law, and under the decisions in *Mann v. Brown*, 263 Ill. 394, and *Harmon v. Callahan*, 286 Ill. 59, we would probably be justified in holding that the questions argued in the briefs are not preserved on the record.

We have, however, given consideration to the points raised by defendant, and for that purpose have regarded the stricken affidavit of merits as if it was preserved in the record.

The plaintiff's amended statement of claim set up a demand against defendant on account of a promissory note dated at Phoenix, Arizona, July 21, 1913, whereby defendant, Armstrong, and E. C. Moore and Bessie L. Moore, as makers, promised to pay to plaintiff or order the sum of $5,000 with interest at the rate of 8 per cent per annum, payable semiannually.

The stricken affidavit set up that the note sued on was one of a series of four made by the same par-

ties and secured by a real estate mortgage of even date, conveying certain real estate in Maricopa county, Arizona; that the notes were executed and payable in Arizona; and that on August 4, 1916, the plaintiff, then the legal owner of the notes and mortgage, filed a bill to foreclose and for a deficiency decree in the superior court of Maricopa county, Arizona; that E. C. Moore, Bessie L. Moore and defendant, with others, were made defendants in that proceeding; that service was had upon Armstrong by a publication in accordance with the laws of the State of Arizona and his default entered; that a judgment finding the amount due and for foreclosure was entered in that proceeding; that on January 10, 1917, execution and order of sale issued against the defendant; that the real estate was sold for $1,350, leaving a balance due of $466.86; that the record of the deficiency judgment was thereafter satisfied as to Bessie L. Moore and E. C. Moore by the attorney of record for the plaintiff.

An additional abstract of record filed by the plaintiff shows that the manner of this satisfaction was by memorandum thereon, the attorney for plaintiff stating that the judgment, in so far as it affected Bessie L. Moore and E. C. Moore, was satisfied and released.

The affidavit further alleges that the proceedings before set up remain of record in full force and effect, and certified copies of the complaint, affidavit of publication, summons, affidavit of service, affidavit of nonresidence, default, judgment, execution, and said supposed satisfactions, are attached to the affidavit and made a part thereof.

The defendant argues that the notes were merged in the foreclosure decree and in the deficiency judgment and that therefore suit cannot be maintained thereon. *Travelers' Ins. Co. v. Mayo,* 170 Ill. 498, and *Lawrence v. Beecher,* 116 Ind. 312, are cited as sus-

taining this view. An examination of these cases indicates, however, that there was personal service on all the defendants, while the record of the Arizona court in this case shows affirmatively that the proceeding there, in so far as the defendant Armstrong is concerned, was a proceeding *in rem.* The judgment and decree there were *in rem* and not against defendant, Armstrong, personally. Therefore there could not, in so far as his liability was concerned, be a merger; neither could the plaintiff be estopped against recovering a judgment against him on his obligation personally by taking a judgment against property in which he may have had some interest in Arizona.

It is argued that the satisfaction of a joint judgment as to one of the defendants is a satisfaction of the judgment and a release of all the other defendants. *Russell v. Hugunin,* 2 Ill. 562; *Winslow v. Leland,* 128 Ill. 304, and other cases are cited to this point.

Here again the defendant fails to distinguish between a judgment against the property and a judgment against the person, although we think, as the plaintiff points out, that the tendency of the later cases is to hold that whether such satisfaction of a personal judgment will amount to a release of all the defendants must depend upon the intention of the parties. (See *Parmelee v. Lawrence,* 44 Ill. 405; *Moore v. Stanwood,* 98 Ill. 605; *Lumberman's Ins. Co. v. Preble,* 50 Ill. 332; and *Thomason v. Clark,* 31 Ill. App. 404.) The additional abstract shows very clearly that it was not the intention of the plaintiff to release defendant from his liability.

Some suggestion is made as to defenses set up by a prior affidavit of merits, which was only stricken in part. These we need not consider, as the filing of the second amended affidavit of merits by defendant amounted to an abandonment of the prior affidavit. *Saunders v. Fox,* 178 Ill. App. 309.

The judgment of the trial court is affirmed.

*Affirmed.*

McSURELY, P. J., and JOHNSTON, J., concur.