## Maude Rice et al., Appellants, v. E. W. Barkman, Appellee.

### Gen. No. 8,189.

Opinion filed January 25, 1928.

HUTSON & TRAEGER and WILEY & MOREY, for appellants.

T. F. DREW and LEE & LEE, for appellee.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

Appellants brought their suit against appellee in the circuit court of Macon county upon a judgment recovered by appellants against appellee in a suit in the district court of Tama county, Iowa, on December 7, 1920, for the sum of $1,572.98 damages and the sum of $62.27 costs of suit, with interest on said judgment at the rate of 6 per cent per annum from the date

thereof until paid. The district court of Tama county, in the State of Iowa, was a court of record and of general jurisdiction. Appellee filed various pleas and there were replications filed and demurrers to pleas and replications. It is only necessary to consider appellee's first additional plea which set out a ''Release of Judgment,'' which is in the following form:

''In consideration of the sum of one dollar and other valuable considerations in hand paid to me by E. W. Barkman in the case of Maude Rice, Rena Barkman and Howard W. Hill, plaintiffs, against E. W. Barkman, defendant, in the District Court of Tama County, Iowa, at the December Term, A. D. 1920, being Law Case No. 12,407 in said court, I hereby acknowledge full and complete settlement and satisfaction of all my right, title and interest in and to the judgment in said case as appears in combination appearance and judgment Docket No. 23 on page 249 of the records in the Clerk's Office of Tama County, Iowa, and I hereby release and cancel said judgment and interest of record as one of the plaintiffs in said action.

(Signed) Mrs. Rena Barkman.

State of Iowa,⎱ ss.
Tama County.⎰

''Be it remembered, that on this 2nd day of November, A. D. 1925, before me, a notary public, personally appeared Rena Barkman, to me known to be the person named in and who executed the foregoing release of judgment, and acknowledged that she executed the same as her voluntary act and deed.

(Signed) Katherine Halverson,<br>Notary Public in and for<br>Tama County, Iowa.

(Seal)

''Filed November 2, 1925. Herbert P. Giger, Clerk, by S. A. Freet, Deputy Clerk.''

It was shown by the proofs that appellants were the only heirs at law of one P. B. Hill, deceased, who died

at Tama, Iowa, about eight years prior to the trial of this cause. Appellant Rena Barkman was at one time the wife of appellee, but they were divorced in 1898. The suit in Iowa and this suit have been brought in the name of appellants as the sole heirs of said P. B. Hill, deceased, claiming to recover upon promissory notes which were the property of said Hill in his lifetime and a part of his estate after his decease. It is claimed by appellee and the said Rena Barkman that she is an involuntary party to these suits and has never consented to the same. In fact, she testified over the objection of the appellants that her father gave her the notes upon which judgment was recovered before his death. Her testimony in this connection was incompetent (Cahill's St. ch. 51, ¶ 2), and the court very properly held as a matter of law in this case:

"The Court holds that as a matter of law that the parties to the judgment rendered in Iowa are estopped and concluded as to the matters set forth in the complaint, upon which said judgment was rendered, and that this Court will not retry nor relitigate any matters of fact set forth in said complaint." Upon this holding of law neither party to this record has assigned error.

Appellant Rena Barkman further testified that appellee paid her only the sum of $1 for the execution of the release, and her whole testimony covers the subject as to her individual ownership of the claim. Appellee testified that after he was sued at Tama, Iowa, upon the claim, he went to Tama and talked with appellant Rena Barkman about the matter, and testified that she did not know anything about the judgment until he informed her of it. Appellee further testified positively that he paid Rena Barkman nothing of value for the judgment, except the said sum of $1, and that he did not see or have any negotiations with appellant Maude Rice upon the matter or the other appellant.

The cause was submitted to the court without a jury, and the court held the release a valid release and that it discharged the judgment procured in Iowa against appellee, and there was judgment against appellants in this cause for costs. The record is before this court by appeal for review.

The only question in the case is whether the release given by one joint judgment creditor releases and cancels the judgment. In the absence of proof to the contrary, it will be presumed by the courts of this State that the common law prevails in another State. (*Forsythe v. Barnes,* 228 Ill. 326; *Woodbury v. United States Casualty Co.,* 284 Ill. 227.) It has been held in this State in *Lumberman's Ins. Co. v. Preble,* 50 Ill. 332, 335:

"The doctrine is equally well settled, that one of several obligees may execute a valid release, by which the entire obligation will be discharged." But the court also held in the same case: "But to do so, it must be intended, and must be free from all fraud upon the rights of obligees not joining in the execution of. the release. In the case of *Parmelee v. Lawrence,* 44 Ill. 405, it was held, that where one of several payees of a note paid what he and the creditor estimated as his proportion of the debt, and a release was given, exonerating him from further liability on the note, it did not discharge the other makers; that as the payee did not intend to discharge the entire debt, it would be wrong to enforce the release, contrary to its terms and his intention. While that case differs from this, and in so far as the release was given to one of the payors by the payee, in this it was given by one of the obligees to the obligor, still it announces a rule that must govern this case."

And the court further held: "Taking all the evidence in the case, we are clearly of the opinion that it was not the intention of Steller and McNaught to release the claim of Preble, and it seems to have been

the intention of the agent that they should not, unless he was planning a fraud, and seeking to obtain an unjust advantage.''

The same question was before the Appellate Court of the fourth district in *Clark & Bosquit v. Laumann,* 52 Ill. App. 637, 639, and Mr. Justice Schofield cited the law: ''In 1 Lindley on Partnership, 2d American Edition, marginal page 135, it is said: 'As one partner can accept payment of a debt due to the firm, so he can effectually release and give a valid receipt for such debt. It is, however, to be remembered, that although one partner has implied authority to get in debts owing to the firm, still a receipt is not conclusive evidence of payment; so that if one partner gives a receipt in fraud of his co-partners it will not preclude the firm from recovering the money. Nor will a release given by one partner bind the firm, if the releasing partner acts in fraud of his co-partners and in collusion with the debtor.'

''In the same work, marginal pages 145 and 146, it is said: 'If it can be shown that one partner has, in fraud of his co-partners and in collusion with the defendant, executed a release for the purpose of preventing them from enforcing a just demand, the defendant will not be allowed to plead this release as a defense to an action against him.' ''

The case of *Lumberman's Ins. Co. v. Preble, supra,* has been cited and followed in *Miller v. Stanley,* 186 Ill. App. 340, 343, and in *Wallace v. Armstrong,* 236 Ill. App. 457, 460, and it is the law of this State. When the appellant, Rena Barkman, for the consideration of $1 undertook to release the judgment which she did not know she had until appellee went to her, she and appellee both knew they were committing a fraud upon the rights of the other two appellants, if it was their purpose to release the entire judgment. Laws are made for the protection of property and the rights of litigants and are not made to afford a device and

snare by which one can be stripped of his own. The facts in this case warrant the conclusion that if it is the construction of the wording of the release that it was the intention of the parties to it to release the entire judgment, then the words in the release, "and other valuable consideration in hand paid to me," represent some kind of a benefit or advantage accruing to Rena Barkman, which both parties to the release have fraudulently concealed and carefully avoided, which would constitute a fraud on the part of both and void the release. But the plain reading of the release as this court views it is that appellant Rena Barkman only intended to release whatever right, title or interest she had in the judgment, and, if appellee intended it should cover anything further, it is plain that appellee intended a fraud. The judgment set out in the declaration in this case is entitled to full faith and credit in this State and is not subject to collateral attack (*Hanna v. Read,* 102 Ill. 596); neither is said judgment cancelled or released by the instrument offered in evidence. The court refused to hold for appellants the following:

"The Court holds as a matter of law that the instrument by the defendant obtained from Mrs. Rena Barkman, and acknowledged on November 2, 1925, is not a release or satisfaction of the judgment declared upon, except as to the amount of $1 paid therefor."

This was error. The holding stated the law applicable to the case. Being an error of law, the judgment of the circuit court of Macon county is reversed and the cause remanded, with directions to that court to hold the law as submitted by appellants, and to enter a judgment in favor of appellants and against appellees for the amount of said judgment, interest and costs, as shown by the record, less the said payment made.

*Reversed and remanded with directions.*