# Anderson v. Reconstruction Finance Corporation.
Jan. 30, 1940.

Garfeld R. Drinnon for appellant.

H. L. Bryant and Humphrey & Taylor for appellee.

Opinion of the Court by Creal, Commissioner— Reversing.

In 1937 the Reconstruction Finance Corporation recovered judgment against J. Smith Anderson in the circuit court for the county of Washington in the State of Virginia for $1,400 with 6 per cent interest from January 2, 1931, and costs including 10 per cent of the amount of the recovery for attorney's fees. In this action on that judgment the Reconstruction Finance Corporation has recovered judgment against J. Smith Anderson for the sums therein set out and the latter is appealing.

In its petition appellee set up the recovery of the judgment in the Virginia court and alleged that same had become final and had never been appealed from, set aside or modified, but was in full force and effect; that the court in which it was recovered was one of general equity and common law jurisdiction, and that appellant was personally before the court by due process of the court. Both a demurrer to the petition as amended, and a motion that it be made more specific respecting the matters in which personal jurisdiction of appellant was obtained, and facts showing the judgment was duly given and entered in the Virginia court, were overruled.

The basis of the action in the Virginia court was a promissory note for $1,400 alleged to have been executed by J. Smith Anderson to R. T. Marshall and which the latter had assigned to the Reconstruction Finance Corporation. Included in the note was a warrant of attorney appointing R. W. Kelly and R. J. Mottern attorneys in fact for the maker with authority for them or either of them after the note should become due to waive the issuance or serving of process in the circuit court of Washington county, Virginia, and to confess judgment before such court in favor of the holder of the note for the amount thereof together with costs and the

sum of 10 per cent of the amount due thereon for attorney's fees.

Appellee's answer in this action in addition to a traverse of the allegations of the petition affirmatively alleged that the Virginia court was without jurisdiction; that if his name appeared upon the note he did not sign it and it was therefore a forgery and fraud. Other affirmative defenses were pleaded which for reasons presently appearing it will be unnecessary to enumerate or discuss.

By reply appellant set up certain statutes of Virginia and steps taken thereunder which if established by proof would apparently leave appellee's affirmative plea of non est factum and fraud and the plea to the jurisdiction of the court without sufficient merit or support. However, the court sustained a demurrer to appellant's answer as amended and appellant declining to further plead the judgment appealed from was rendered. Therefore, the only question for determination is the propriety of the court's ruling in sustaining the demurrer to the answer as amended and in determining that question the reply may not be considered. See Broughton v. Louisville & Nashville Railroad Company, 217 Ky. 297, 289 S. W. (2d) 237.

Under the full faith and credit clause of the Federal Constitution (U. S. C. A. Constitution, Article 4, Section 1) it is obligatory upon the courts of this state to give recognition to valid decrees of the courts of sister states, Boissevain v. Boissevain, 224 App. Div. 576, 231 N. Y. S. 529; Rice v. Barkman, 249 Ill. App. 127, and to take jurisdiction of an action to enforce judgment recovered in another state although it might have refused to entertain the suit on the original cause of action as obnoxious to its public policy. Generally speaking, the effect of the provision regarding full faith and credit is that in courts of other states the judgment of a court of one state is not impeachable except for want of jurisdiction or for fraud, Lamb v. Powder River Livestock Company, 8 Cir., 132 F. 434, 67 L. R. A. 558, and one sued on such a judgment may not go behind it and contradict the cause of action upon which it was based. Bank of Alabama v. Dalton, Miss., 9 How. 522, 13 L. Ed. 242. A judgment conclusive between the parties in the state in which it is rendered is equally conclusive in other states. Bonfils v. Gillespie, 25 Colo. App. 496, 139 P. 1054. A judgment of a court of a

state entered under a warrant of attorney to confess judgment authorized by the contract of the parties and the laws of such state, will not be denied enforcement by the courts of another state because the statutes of the latter state do not provide for such confession of judgment. Farmers Peanut Co. v. Monarch Refrigerating Company, 295 U. S. 732, 55 S. Ct. 643, 79 L. Ed. 1680. For the purpose of demurrer the allegations of the answer must be treated as true. If in fact the note containing the warrant of attorney under which one of the parties designated entered the appearance of appellant and confessed judgment in the Virginia court was a forgery, it was ineffective for any purpose whatsoever and could not confer upon the court any jurisdiction it did not already have. According to the allegations of the answer the Virginia court was by forgery and fraud induced to take jurisdiction which it otherwise did not have and would not have assumed. As pointed out by a number of courts there has been much dicta and loose writing concerning the character of fraud that will afford grounds for impeaching a judgment. Louisville & Nashville Railroad Company v. Jones' Adm'r, 215 Ky. 774, 286 S. W. 1071, 1075, 53 A. L. R. 1255, quotes with approval the rule as thus stated in 34 C. J. 1153:

"Although there are many decisions and dicta to the general effect that a judgment of another state, when made the basis of an action, may be impeached on the ground that it was entered or procured by fraud, a more correct and precise statement of the rule is that such a plea is admissible when, and only when, fraud in the judgment could be set up against it in the courts of the state where it was rendered; the effect being to give the judgment just the degree of conclusiveness which it has at home and no more."

It is our conclusion that the judgment of a court of a sister state may be impeached in the courts of this state upon the grounds alleged in the affirmative allegations of the answer above discussed, and, therefore, the court erred in sustaining a demurrer to those portions of the answer. The other affirmative defenses attempted to be set up in the answer may not be considered by the courts of this state because they do not go to the jurisdiction of the court rendering the judgment, nor do they allege such fraud as could be set up

against the judgment in the court of the state where it was rendered.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.