## HOUSEHOLD FINANCE CORP. v. ROGERS.

Court of Appeals of Kentucky.
June 20, 1952.

J. R. Llewellyn, McKee, for appellant.

C. P. Moore, McKee, for appellee.

LATIMER, Justice.

In 1947, appellant, Household Finance Corporation, obtained a judgment in Butler County, Ohio, in the amount of $446.11 and costs, against appellee, Opal Ruth Rogers, and her husband, Billy G. Rogers. Based upon that judgment, this action was instituted. From judgment in defendant's favor, this appeal is prosecuted.

The action in Ohio was based upon a promissory note in the original sum of $475 secured by chattel mortgage, alleged to have been executed by Billy G. Rogers and Opal Ruth Rogers. The note contained what is known as a warrant of attorney provision in these words:

"The undersigned and each of them hereby authorize any attorney at law to appear in any court of record in the State of Ohio or in the United States, after this note becomes due under any of its conditions and waive the issuance and service of process and confess a judgment against the makers hereof and each of them in favor of the legal holder hereof for the amount then appearing due hereon, together with the actual court costs upon the entry of Judgment, and thereupon to release all error and waive all rights of appeal."

Appellant's petition contained the averments necessary for recovery on the judgment, namely its finality; that it had never been appealed from, been set aside or modified; that same was in full force and effect; that the Common Pleas Court of Butler County, Ohio, in which judgment was obtained, is a court of general and original jurisdiction; that the court had jurisdiction of both defendant and plaintiff and of the subject matter; and that the judgment is in full force and effect and unsatisfied.

Appellee answered in these words:

"Comes the Defendant Opal Rogers and specifically denies each and every material allegation set out in Plaintiff's petition, and specifically denies that she owes the Plaintiff the sum of $421.-11 or any sum or amount.

"Wherefore Defendant prays that Plaintiff's petition be dismissed and that it take nothing thereby and she prays for costs and all proper relief."

Warrant of attorney clause in a foreign note and the legal effect of same was before this court in Anderson v. Reconstruction Finance Corporation, 281 Ky. 531, 136 S.W.2d 741, 742, in which case answer was filed and in addition to traverse of the petition, it was affirmatively pleaded that

the Virginia court was without jurisdiction and that if Anderson's name appeared on the note it was a forgery and a fraud. In the instant case no plea was made to the jurisdiction of either the subject matter or the parties nor any allegation made as to fraud.

It will be unnecessary to go further in the discussion of the matter other than to rest upon the Anderson case above and quote therefrom the pertinent and controlling part here:

"Under the full faith and credit clause of the Federal Constitution (U. S.C.A.Const. art. 4, § 1) it is obligatory upon the courts of this state to give recognition to valid decrees of the courts of sister states, Boissevain v. Boissevain, 224 App.Div. 576, 231 N.Y. S. 529; Rice v. Barkman, 249 Ill.App. 127, and to take jurisdiction of an action to enforce judgment recovered in another state although it might have refused to entertain the suit on the original cause of action as obnoxious to its public policy. Generally speaking, the effect of the provision regarding full faith and credit is that in courts of other states the judgment of a court of one state is not impeachable except for want of jurisdiction or for fraud, Lamb v. Powder River Livestock [Live Stock] Company, 8 Cir., 132 F. 434, 67 L.R.A. 558, and one sued on such a judgment may not go behind it and contradict the cause of action upon which it was based. [President and Directors of] Bank of [State of] Alabama v. Dalton, Miss., 9 How. 522, 13 L.Ed. 242. A judgment conclusive between the parties in the state in which it is rendered is equally conclusive in other states. Bonfils v. Gillespie, 25 Colo. App. 496, 139 P. 1054. A judgment of a court of a state entered under a warrant of attorney to confess judgment authorized by the contract of the parties and the laws of such state, will not be denied enforcement by the courts of another state because the statutes of the latter state do not provide for such confession of judgment. Farmers Peanut Co. v. Monarch Refrigerating Company, 295 U.S. 732, 55 S.Ct. 643, 79 L.Ed. 1680. * * *"

It becomes obvious then that the answer of the defendant was not sufficient to raise question as to the validity of the Ohio judgment.

Motion for appeal is sustained. Judgment is reversed for proceedings consistent with this opinion.