**SHARP et al. v. BANNON et al.**

Court of Appeals of Kentucky.
May 29, 1953.

Buckley, Stilz & Rouse, Lexington, Boehl, Stopher, Kilgariff, Graves & Deindoerfer, Louisville, for appellants.

Stoll, Keenon & Park, Lexington, for appellees.

MILLIKEN, Justice.

In this case a tort-feasor, without notice of an insurance company's subrogation claim, settled a suit brought by the insured and an agreed order "now dismissed settled" was filed in court. The principal question presented on this appeal is whether this order "dismissed settled" is a bar to a subsequent action by the insurance company, subrogee, for the same damage.

In behalf of the insured, Charles E. Bannon, the Detroit Inter-Insurance Exchange, on December 9, 1947, paid out under a $25

deductible collision policy, the sum of $951.48 to repair damage to his automobile, after he had been involved in a collision in Madison County on May 23, 1947, with a truck owned by Chester Sharp and Ed Staton, doing business as the S & S Coal Company.

On August 16, 1947, the insured, through his attorney, filed suit in the Madison Circuit Court, in which he sought to recover $600 property damage to his automobile, for wrecker expense and for the loss of use of his vehicle. In all, he prayed for $915. The Coal Company counterclaimed. Thereafter the Coal Company offered to settle the case for $350, and the insured accepted. On January 20, 1948, an agreed order was entered in the Madison Circuit Court dismissing the suit as settled. On January 30, 1948, the Coal Company tendered its check to the insured's attorney, but requested that it not be cashed until the insured had signed a release. On March 10, 1948, the insurer wrote the insured's attorney concerning handling its claim against the Coal Company, which was the first information he had of the subrogation claim. The insured, after receiving the release form sent to him by his attorney, wrote his attorney that they must have had a misunderstanding as to the suit, that it had not been his intention to sue for property damage covered by insurance, and that he could not sign the release because it would prejudice the rights of the insurer.

The insured's attorney informed the Coal Company's attorney of the situation, and the latter told him to go ahead and cash the check because the court order dismissing the suit as settled was a sufficient release. Whether the insured's attorney informed the appellants of the subrogee's claim at this time is not certain, but he probably did. However, this occurred after the judgment was entered in the Madison Circuit Court, but before the check was cashed. The insured's attorney cashed the check and after taking his fee sent the balance to the insured who accepted it.

■ Approximately six months later, the insurer, as subrogee, instituted the present action against the Coal Company in the Fayette Circuit Court for $951.48, the sum

it had indemnified the insured. The Coal Company pleaded, among other things, the settlement agreement with the insured as a defense. The cause was submitted to the court without a jury after the introduction of all the evidence, and judgment was rendered in favor of the insurer for the sum prayed for in its petition. The insurer pleaded and contends, under the authority of Travelers Indemnity Company v. Moore, 304 Ky. 456, 201 S.W.2d 7, that the settlement agreement of the insured and the tort feasor is not res judicata of the present action. In that case we recognized an exception to the rule against splitting a cause of action, and held that an action by the insured against a tort-feasor for *personal injuries* would not bar the insurer as subrogee from suing for *property damage*. However, in the case at bar both the insured and the insurer sued the tort-feasor in separate actions for the same *property damage*. The principles governing such situations are stated in 46 C.J.S., Insurance, § 1209(b), page 155:

"Where the wrongdoer chargeable with notice of insurer's rights as subrogee of insured makes a settlement with insured to which insurer is not a party, the settlement will be regarded as having been made subject to the rights of insurer, and without destruction thereof; but a general release by insured to a third person responsible for the loss and *without notice* or knowledge of the insurance company's rights is a bar to the company's claim to subrogation." (Emphasis ours.)

See, also, 29 Am.Jur., Insurance, Section 1345, page 1106; 26 A.L.R. 431; Citizens' Bank of Shelbyville v. Mutual Trust & Deposit Co., 206 Ky. 86, 226 S.W. 875, 40 A.L.R. 1001, 54 A.L.R. 1454; 105 A.L.R. 1431; Brown v. Vermont Mutual Fire Ins. Co., 83 Vt. 161, 74 A. 1061, 29 L.R.A., N.S., 698; Mitchell v. Holmes, 9 Cal.App.2d 461, 50 P.2d 473.

■ In the case at bar we are not confronted with a mere settlement between the parties, or a judgment for personal injuries as in Travelers Indemnity Company v. Moore, above, but rather we are faced

with a judgment of the Madison Circuit Court covering the identical property damage which is pleaded in bar of the insurance carrier's subrogation claim for the same property damage. The Madison Circuit Court had jurisdiction of the insured and the tort-feasor, S & S Coal Company, which is the appellant in the present action. Several months after it had learned of the action and judgment in the Madison Circuit Court, the insurance carrier brought this action on its subrogation claim. As subrogee, the insurance carrier stands in the shoes of its insured by operation of law; its cause of action is no greater than his, and his has been merged into a judgment which was satisfied by payment. As stated by Chief Justice Robertson in The Bank of Commonwealth v. Hopkins, 1834, 2 Dana 395, 32 Ky. 395:

"It has been frequently decided by this court, that the legal deduction from a judgment dismissing a suit 'agreed,' is that the parties had, by their agreement, adjusted the subject matter of controversy in that suit; and the legal effect of such a judgment is, therefore, that it will operate as a bar to any other suit between the same parties, on the identical cause of action thus adjusted by the parties, and merged in the judgment thereon rendered, at their instance, and in consequence of their agreement.

"If, in such a case, the original cause of action has not been actually extinguished by payment, or other actual satisfaction, but was only transformed, by the agreement of the parties, into a new cause of action, the remedy must be on the latter, and cannot be maintained on the former and extinguished cause of action."

See, also, Jarboe v. Smith, 10 B.Mon. 257, 52 Am.Dec. 541; Mutual Life Insurance Company of New York v. Phillips, 205 Ark. 432, 169 S.W.2d 132.

The Madison Circuit Court judgment is decisive of the case at bar and is not subject to collateral attack in the Fayette Circuit Court. The doctrine of merger is intended to promote justice by upholding the adjudications of the courts in order to terminate litigation, and should not be applied when it would create injustice. 30 Am.Jur., Judgments, Sections 150, 151. The Madison Circuit Court clearly had jurisdiction of the parties to support its judgment, and we find nothing in the record before us which persuades us to exclude the case at bar from the sound public policy inherent in the doctrines of merger, res judicata and its correlative, the doctrine against collateral attack. If the Madison Circuit Court judgment was improperly obtained, equitable relief should be available. Restatement of the Law of Judgments, Section 118 and following.

The judgment is reversed with directions that the petition be dismissed.