Willa Mae **PUCKETT** et al., Appellants,

v.

**LIBERTY MUTUAL INSURANCE COMPANY**, Appellee.

Peggy Lee **BEELER**, Appellant,

v.

**LIBERTY MUTUAL INSURANCE COMPANY**, Appellee.

Charles **STERN** et al., Appellants,

v.

**AETNA CASUALTY & SURETY COMPANY**, Appellee.

Court of Appeals of Kentucky.

Nov. 5, 1971.

As Modified on Denial of Rehearing March 3, 1972.

Joe G. Leibson, Louisville, for appellants Willa M. Puckett et al.

Alan N. Leibson, Louisville, for appellant Peggy Lee Beeler.

Paul D. Gudgel, Eblen, Howard & Milner, Lexington, Kenneth S. Handmaker, Louisville, for appellants Charles Stern et al.

Kenneth L. Anderson, Louisville, for appellee Liberty Mut. Ins. Co.

Winfrey P. Blackburn, Jr., Stites & McElwain, Louisville, for appellee Aetna Casualty & Surety Co.

GEORGE O. BERTRAM, Special Commissioner.

Three actions have been consolidated on appeal to this court. Two are against Liberty Mutual Insurance Company and one against Aetna Casualty & Surety Company. In the first, Willa M. Puckett and three passengers in her car, Viola Kemp, Lillian Dean and Cylister Boyd, sued Liberty. In the second, Peggy Lee Beeler, also a passenger in Willa's car, by separate action sued Liberty. In the third, Charles Stern and his passenger Leona Stern sued Aetna and the operator of another car. Only Aetna is involved on this appeal in the latter case.

The first two actions arose out of an accident on March 19, 1968, in Jeffersonville, Indiana, between the car driven by Willa Puckett and one driven by William R. McLean, a resident of Indiana who was an uninsured motorist. Willa and her four passengers brought suit only against Liberty, the insurer of the car Willa was driving, in the Jefferson Circuit Court. That court dismissed the complaints.

The third action involved an accident on August 9, 1969, in Cabel County, West Virginia, between Charles Stern's car, one driven by Ruth Loewenfield, and another driven by Roger Damron, an uninsured motorist. Charles and his passenger sued Ruth and Aetna, the insurer of Charles' car, in the Jefferson Circuit Court. They did not sue Roger, the uninsured motorist, who was a resident of West Virginia. The lower court dismissed the complaint as to Aetna and made that judgment final.

The basic question on all three appeals is: May an insured, or beneficiaries under his policy, recover from the insurer under uninsured-motorist coverage without having obtained a judgment against the uninsured motorist, either in a separate action or in the same action in which the insurer is sued (he being made a party to that action)? An ancillary question is whether, in such an action, the insurer can enforce an express provision of its policy that it may require the insured to join the uninsured motorist as a party defendant.

Appellants contend that the uninsured-motorist provisions of the policies created in the appellants a right of direct action against the insurance companies in which action appellants need only prove that they were legally entitled to recover damages against the uninsured motorist, and the amount of those damages. Appellants argue that the obtaining of a judgment by the insured against the uninsured motorist is not a condition precedent to the insurer's liability under the uninsured-motorist coverage. In support thereof appellants cite cases from Arkansas, Illinois, Louisiana, Missouri, New York, North Carolina, Ohio, Pennsylvania, Tennessee and Wisconsin.

Appellees contend that it is essential to recovery on the policy that the uninsured motorist have been judicially declared legally liable, and they argue that where no prior action has been taken against the uninsured motorist or he is not joined as a party to the action against the insurer it is impossible to determine his legal liability for damages. In support thereof appellees cite State Farm Mutual Automobile Insurance Co. v. Girtman, 113 Ga.App. 54, 147 S.E.2d 364, where the Court of Appeals of Georgia said:

"* * * It is fundamental that the legal liability of one person to another can be ascertained only in an action brought against such person by the other in a court of competent jurisdiction. Code § 110–501. No mere action against the insurance company to which the known uninsured motorist is not a party and in which could not be made a party (Arnold v. Walton [205 Ga. 606, 54 S. E.2d 424], supra) could adjudicate this question so as to affect the legal liability of the uninsured motorist to the insured."

The applicable Kentucky statute, KRS 304.682, provides:

"(1) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in KRS 187.330(3) under provisions approved by the Commissioner of Insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury * * *."

* * * * * *

"(4) In the event of payment to any person under the coverage required by this section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made. * * *"

Pursuant to the compulsory requirements of the above statute Liberty's policy provided coverage substantially in the terms of the statute, and further provided:

"(d) if requested in writing by the company, such person shall take, through any representative designated by the company, such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person; in the event of a recovery, the company shall be reimbursed out of such recovery for expenses, costs and attorneys' fees incurred by it in connection therewith; * * *"

Aetna's policy in question provided that the company agreed:

"To pay all sums which the Insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death, resulting therefrom, * * * sustained by the Insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; * * *."

The Aetna policy also provided:

"After notice of claim under Part IV, the Company may require the Insured to take such action as may be necessary or appropriate to preserve his right to recover damages from any person or or-

ganization alleged to be legally responsible for the bodily injury. * * *"

■ This court has not had prior occasion to pass upon the questions presented on these appeals. However, it seems to be the consensus of opinion of the courts of the several states which have passed on this question that an action may be maintained against the insurance company without judgment's previously having been obtained against the uninsured motorist. It is our opinion that the Kentucky Statute, KRS 304.682, does not require the obtaining of a judgment against the uninsured motorist as a condition precedent to recovery against the insurer.

■ KRS 304.669(1) states that no insurance contract of the type under consideration shall contain a provision depriving the courts of this state of jurisdiction in an action against the insurer. When the accident has occurred elsewhere and the uninsured motorist is a nonresident who is not amenable to process in this state, a policy provision giving the insurer an absolute right to require joinder would have the effect of defeating the jurisdiction of the court, and therefore in such an instance must be held unenforceable.

■ A further argument is made that this solution results in destruction of the insurer's right of subrogation against the uninsured motorist. Cf. KRS 304.682(4). That appears to be an avoidable consequence when a statute of limitations intervenes in favor of the nonresident tortfeasor. However, insurance against uninsured motorists owes its existence to the probable and usual worthlessness of a claim against an uninsured tortfeasor. The policy of our statute places the insured party's right to sue in this state above the dubious value of the insurer's right of subrogation.

The judgment is reversed, with directions for further proceedings in conformity with this opinion.

All concur.