Catherine O. COOPER, Individually and as Administratrix of the Estate of Infant Cooper, Deceased; and Robert W. Tauber, Esq., Trustee in Bankruptcy for Arleliah Floressia Cox Maxwell, Appellants,

v.

AUTOMOBILE CLUB INSURANCE COMPANY, Appellee.

Court of Appeals of Kentucky.

Nov. 20, 1981.

Robert C. Cetrulo, Covington, for appellants.

John G. Patten, Jr., Newport, for appellee.

Before HAYES, C. J., and COOPER and HOWARD, JJ.

HAYES, Chief Judge:

This is an appeal from a judgment of the Kenton Circuit Court rendered in favor of the Automobile Club Insurance Company in an action brought by the appellants Cather-

ine O. Cooper, individually and as the administratrix of the estate of Infant Cooper, deceased, and by Robert W. Tauber, trustee in bankruptcy for Arleliah Floressia Cox Maxwell. The present action was brought seeking a bad faith excess judgment against Automobile Club for the manner in which it handled a wrongful death and personal injury action against its insured Cox and for bad faith and failure to abide by the terms of an insurance contract with Lillie M. Givens, deceased.

The factual setting which gave rise to the first litigation is set forth in *Cox v. Cooper,* Ky., 510 S.W.2d 530 (1974). In the present action, Catherine Cooper was assigned any rights Clifford Cooper might have against the Automobile Club who denied him coverage, as executor of Lillie Givens' estate, under Lillie's insurance policy. Tauber as bankruptcy trustee for Cox asserted her bad faith claim against Automobile Club concerning the $90,000.00 verdict awarded against Clifford Cooper and Cox in the previous litigation.

The trial court found the only provision under which Clifford could have claimed coverage was Condition 14, concerning assignments. That provision states that an executor will be insured if he is acting within the scope of his duties as legal representative. The trial court further found that the issue of scope of duties had been decided adversely to Clifford in the first suit and was *res judicata* here.

Catherine first maintains that Clifford was covered under Part I, Persons Insured, Subsection (c) as a "person legally responsible for the use of" the automobile. That clause goes on to state the proviso that the actual use must be by a person who is an insured under Subsections (a) and (b). Subsection (b) has no application here. Subsection (a), concerning the owned automobile, provides coverage for a resident of the named insured's household or for any person operating the vehicle with the named insured's permission. Clifford did not fit within these categories. He does not even argue on appeal that he falls into one of them. We find no error in the trial court's determination that he was not covered under that section.

The only provision of the contract which could afford Clifford coverage is Condition 14, concerning assignments. Condition 14 provides coverage for Clifford as executor so long as he was acting within the scope of his duties. Catherine maintains that the necessary factual determination has not been made and the trial court and parties in the present litigation are in no way bound by the determinations made in the first suit. We disagree. The trial judge in ruling on a motion to dismiss the estate of Lillie Givens found that Clifford was not acting within the scope of his duties as executor when the accident occurred. Therefore the Givens' estate could not be liable for damages arising from the auto accident. Since the issue of scope of duties had to be determined in order to determine the liability of the Givens' estate, Catherine is precluded from relitigating the issue here. See *Sedley v. City of West Buechel,* Ky., 461 S.W.2d 556 (1970). The trial court correctly found that the issue had been previously decided adversely to Clifford and was binding on his privies in the present action.

Having held that the trial court was correct in its treatment of Catherine's bad faith claim, we move next to the claim asserted by the trustee on behalf of Arleliah Cox. The standard of bad faith set forth in *Manchester Insurance Co. v. Grundy,* Ky., 531 S.W.2d 493 (1975), is stated at 501. "Did the insurer's failure to settle expose the insured to an unreasonable risk of having judgment rendered against him in excess of the policy limits?" A positive response calls for an adjudication of bad faith. In arriving at the answer to the question numerous factors are to be considered: demand for settlement by the insured; probability of recovery in excess of policy limits; negotiations of settlement between plaintiff and insured; and any efforts to settle for policy limits or less. The trial court made findings of fact to which he applied the factors to be considered and answered the ultimate question in the negative. We must agree.

Cox never demanded settlement because she was convinced that the accident was not her fault. Even if a large verdict were recovered the amount might not have exceeded Cox's policy limits due to the fact that several witnesses testified that she entered the intersection on a yellow or green light. The conflicting testimony could have resulted in the verdict being apportioned. Cox might have only had to bear a small percentage of the recovery which could reasonably have been assumed would have fallen within her policy limits.

The negotiations of settlement were sketchy at best. The trial court found that the plaintiff's original and only offer to settle for the policy limit was actually in excess of those limits because of other pending claims. The appellant has failed to demonstrate that this finding was clearly erroneous. That offer was followed by correspondence from the insurer which stated that if a lesser figure could be negotiated, a conference between the parties should be arranged. The appellant never contacted the insurer concerning such a conference or lesser figure. Under these circumstances, the insurer could have reasonably believed that no lesser figure would have been acceptable. Considering the unchallenged finding by the court concerning the fact that appellant's offer to settle was in excess of the policy limits, there was no offer to settle for the policy limits or less.

While this is certainly a regrettable situation in which Catherine's counsel has made a moving plea for his client, we cannot say the trial court erred in granting judgment for the Automobile Club.

The judgment is affirmed.

All concur.