UNITED STATES FIDELITY AND GUARANTY COMPANY and State Automobile Mutual Insurance Company, Appellants,

v.

Clara J. PRESTON, Administratrix of the Estate of Mikeal D. Preston, Appellee.

No. 98–SC–0558–DG.

Supreme Court of Kentucky.

June 15, 2000.

Rehearing Denied Sept. 28, 2000.

Donald P. Moloney, II, Robyn E. Miller, Sturgill, Turner, Barker, & Moloney, PLLC, Perry M. Bentley, Todd S. Page, Stoll, Keenon & Park, LLP, Lexington, Counsel for Appellants.

James Park, Jr., Rebecca D. Hannifan, Brown, Todd & Heyburn, PLLC, Lexington, William R. Meredith, Harrodsburg, Counsel for Appellee.

LAMBERT, Chief Justice.

In Georgia litigation between the estate of a Kentucky resident and an uninsured resident of Illinois, the jury apportioned fault 60% against the Kentucky decedent and 40% against the uninsured Illinois driver. Under the modified comparative fault scheme in Georgia, a finding of fault of 50% or more against a plaintiff precludes recovery. The issue in this declaratory judgment action between the estate of the decedent and its uninsured motorist insurance carrier is whether the outcome of the Georgia litigation precludes recovery under the uninsured motorist policy.

On January 26, 1993, Mikeal Preston and his brother, both Kentucky residents, were traveling on Interstate 75 for their employer, R & P Industrial Chimney, a Kentucky corporation. Near Valdosta, Georgia, their truck left the road, flipped over, and stopped in the median. Neither Mikeal nor his brother was injured at that time. The equipment they were carrying was scattered across the highway, and Mikeal began to collect it. While engaged in this activity, he was hit and killed by a car driven by Clifford West, an uninsured motorist from Illinois. Mikeal had a personal automobile insurance policy with State Au-tomobile Insurance Company. His employer, R & P, was insured by United States Fidelity and Guaranty Company.[1]

Clara J. Preston, individually and as administratrix of Mikeal's estate, brought civil litigation against Clifford D. West in the United States District Court for the Middle District of Georgia. Unlike Kentucky, which has a pure comparative fault statute,[2] Georgia has a modified comparative fault scheme under which a plaintiff whose negligence is greater than that of the defendant may not recover damages.[3] As such, upon the Georgia jury's determination that Preston was 60% at fault and West was 40% at fault, the Georgia court entered judgment for West. Thus, Preston's estate obtained no recovery from West despite the jury's finding that he was partially at fault.

On January 3, 1994, USF & G sought a declaratory judgment in the Fayette Circuit Court to determine the rights, obligations, and liabilities it had to the Preston estate. This case was held in abeyance pending the outcome of the Georgia trial, after which the Fayette Circuit Court denied the estate any UM benefits and dismissed the case with prejudice. In reaching this result, the trial court reasoned that to allow the Preston estate "to proceed in Kentucky on the issue of the amount of damages when Georgia law held there were no damages, would deny full faith and credit to the Georgia judgment."

The Court of Appeals vacated and remanded. Rejecting the contention that granting full faith and credit to the Georgia judgment precluded recovery against USF & G and observing that it was peculiar aspects of Georgia law that prevented recovery, the Court of Appeals held that

---

1. The parties have agreed that State Auto policy would have excess coverage only and that damages are not expected to be in excess of the $1 million USF & G policy limits. State Auto, while a party here, will not be dealt with in this opinion.

2. KRS 411.182.

3. *Williams v. United States,* 379 F.2d 719, 722 (5th Cir.1967); *Southern Railway Co. v. Daniell,* 102 Ga.App. 414, 116 S.E.2d 529, 531 (1960).

only the issue of relative fault was barred from subsequent litigation.

The Court of Appeals believed contract interpretation to be controlling of this litigation. In three separate opinions from the three-judge panel, each judge expressed a different interpretation of the critical provision of the USF & G insurance contract. That provision states:

> We will pay all sums the insured is *legally entitled to recover* as compensatory damages from the owner or driver of an uninsured motor vehicle.

(emphasis added).

The lead Court of Appeals opinion held that the phrase "legally entitled to recover" means that the insured must prove two "essential facts": (1) the fault of the uninsured motorist, and (2) the extent of damages caused by the uninsured motorist. Since the issue of fault had been litigated in Georgia, that issue was barred from relitigation by principles of collateral estoppel. The extent of damages, however, was not resolved by the Georgia court because Georgia's comparative fault law prevented the estate from receiving damages. Thus, the Preston estate was held entitled to prove in the declaratory judgment action the extent of damages caused by West, with USF & G being obligated to pay 40% of those damages as UM benefits.

A concurring opinion was based upon the doctrine of "reasonable expectations" and ambiguity.[4] That opinion stated that the law of Kentucky should apply since the insurance contract was made in Kentucky and the decedent was a resident of Kentucky. Under the doctrine of reasonable expectations, followed in Kentucky, when the language of an insurance policy is ambiguous, the ambiguity must be construed in favor of the insured and benefits granted in accordance with the reasonable expectations of the parties. Thus, UM benefits should be available to the estate.

The dissenting opinion adamantly rejected this view, stating that the doctrine of reasonable expectations did not apply because the critical phrase, "legally entitled to recover," was thoroughly unambiguous. Since the estate was not "legally entitled to recover" anything from the uninsured tortfeasor according to the Georgia judgment, the dissent concluded, the estate had no right to recover anything under the policy.

■ As demonstrated by the tripartite Court of Appeals opinion, a variety of interpretations is invited by the contractual language, "legally entitled to recover." The decedent's estate urges this Court to adopt the "essential facts" approach described by the lead opinion of the Court of Appeals. As set forth hereinabove, this approach requires an insured to prove (1) the fault of the uninsured motorist, and (2) the extent of damages caused by the uninsured motorist. We observe that this approach has the advantages of uniformity of application regardless of the jurisdiction in which the related civil action may have been brought, and of allowing the parties to know at the time of issuance of the insurance contract what benefits are available and required. This approach also ensures that the public policy of Kentucky with regard to UM insurance coverage is not made subservient to peculiar rules of law in other jurisdictions.

■ USF & G contends that there is no ambiguity in the policy language, and that the estate may not recover UM benefits because the estate is not legally entitled to recover damages under the Georgia judgment. While we see this facile argument as not unappealing, it is undesirable because of its effect on Kentucky public policy and its inconsistency of application. Such an interpretation would cause a Kentucky insurance policy to yield a variety of inconsistent results depending upon the laws of other jurisdictions. Laws unique to other jurisdictions, e.g., regarding statutes of limitations, interspousal immunity, worker's compensation, and comparative

---

4. *Hendrix v. Fireman's Fund Ins. Co.*, Ky., 823 S.W.2d 937, 938 (1991).

or contributory negligence, should not bind and define the public policy of Kentucky. Under the USF & G argument, there could be many different interpretations of the same Kentucky insurance policy provision. Such multiple and inconsistent results would defeat the public policy underlying Kentucky UM insurance: the compensation of people who are injured by the negligence of uninsured motorists.

It should not be overlooked that the public policies of Georgia and Kentucky regarding recovery in negligence cases differ greatly. In Georgia, one who is one-half or more at fault for his own injuries may not recover damages. In concept, this is similar to contributory negligence which holds that one even only slightly at fault may not recover. In contrast, Kentucky judicially adopted pure comparative negligence in *Hilen v. Hays*,[5] and later a statute was enacted, KRS 411.182, which likewise adopted pure comparative negligence. This doctrine provides that an injured person may recover against one who is negligent even if the injured person was partly responsible for the injury. Of course, the amount of recovery is reduced in proportion to the injured party's fault. In the last two decades, both the Supreme Court and the General Assembly have unmistakably articulated the public policy of this Commonwealth with respect to recovery in negligence cases. To embrace the

view of USF & G would be to renounce this overwhelming policy.

Based upon these considerations, we believe the "essential facts" view advocated by the estate is the better approach. This approach is consistent with firmly established Kentucky law. In *Puckett v. Liberty Mutual Ins. Co.*,[6] this Court held that the right to recover UM benefits is not conditioned upon entry of judgment against the uninsured tortfeasor. We reiterated this fundamental principle in *Coots v. Allstate*,[7] stating that coverage for damages caused by an uninsured motorist "exists without regard to whether the obligation of the tortfeasor can be reduced to judgment." Thus, a claimant may recover UM benefits in a hit-and-run accident in which there would be no judgment and no recovery. The Court in *Coots* also explained that a claimant must prove the "essential facts" to recover UM benefits from an insurer.[8] These essential facts are that "the offending motorist is a tortfeasor," and "the amount of damages caused by the offending motorist."[9] Cases from numerous foreign jurisdictions support the "essential facts" approach followed here.[10]

■ The "essential facts" approach is also consistent with the doctrine of reasonable expectations. Under this principle of contract interpretation, when the language

5.  Ky., 673 S.W.2d 713 (1984).

6.  Ky., 477 S.W.2d 811, 814 (1971).

7.  Ky., 853 S.W.2d 895, 898 (1993).

8.  *Id.* at 899.

9.  *Id.*

10. *See Torres v. Kansas City Fire & Marine Ins. Co.*, 849 P.2d 407, 410 (Okla.1993)(uninsured motorist was immune from tort action under worker's compensation law, but recovery allowed upon proof of fault of uninsured motorist and extent of damages); *Pemberton v. Farmers Ins. Exchange*, 109 Nev. 789, 858 P.2d 380 (1993)("legal entitlement" means that the insured must be able to establish fault of the uninsured motorist and the extent of

damages caused thereby)(*citing Patrons Mut. Ins. Assoc. v. Norwood*, 231 Kan. 709, 647 P.2d 1335, 1338 (1982), *Harvey v. Mitchell*, 522 So.2d 771, 773 (Ala, 1988), *Allstate Ins. Co. v. Elkins*, 63 Ill.App.3d 62, 65, 21 Ill.Dec. 66,, 381 N.E.2d 1, 4 (1978), *Allied Fidelity Ins. Co. v. Lamb*, 361 N.E.2d 174, 180 (Ind.Ct. App.1977), *Reese v. Preferred Risk Mut. Ins. Co.*, 457 S.W.2d 205, 208 (Mo.Ct.App.1970), *Satzinger v. Satzinger*, 156 N.J.Super. 215, 383 A.2d 753, 755 (Ch.Div.1978), *Deluca v. Motor Vehicle Accident Indemnification Corp.*, 17 N.Y.2d 76, 268 N.Y.S.2d 289, 292, 215 N.E.2d 482, 484 (1966), *Sahloff v. Western Casualty & Surety Co.*, 45 Wis.2d 60, 171 N.W.2d 914, 917 (1969)); *Hettel v. Rye*, 251 Ark. 868, 475 S.W.2d 536, 537–538 (1972) (tortfeasor dismissed from suit, but cause of action under uninsured motorist clause not required to be dismissed).

of an insurance policy is reasonably susceptible to more than one interpretation, the ambiguity must be construed in favor of the insured.[11] Certainly, when contracting for UM coverage for its employees and paying the premiums for this coverage, the decedent's employer intended and could reasonably have expected UM coverage to be provided when that employee was injured by a negligent motorist without automobile liability insurance.

■ The result achieved herein does not contravene the principle of full faith and credit. By this principle, a "judgment conclusive between the parties in the state in which it is rendered is equally conclusive in other states."[12] Here, the Georgia judgment in favor of the uninsured motorist, West, will not be offended by the estate's recovery of benefits under the unrelated UM insurance contract. USF & G's liability is not vicarious or "purely derivative,"[13] but is based instead upon an independent contract that could be enforced even if the tortfeasor had been unidentified. Only the apportionment of fault was litigated in the Georgia court, and only that issue is barred from re-litigation. The extent of damages arising from West's tortious conduct was not decided by the Georgia jury. Thus, the Preston estate is entitled to prove the total amount of damages in the declaratory judgment action, and USF & G will be liable for 40% of those damages not to exceed the policy limits.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed, and the case is remanded to the Fayette Circuit Court for action in conformity with this opinion.

GRAVES, STUMBO, and WINTERSHEIMER, JJ., concur.

COOPER, J., files a dissenting opinion in which JOHNSTONE and KELLER, JJ., join.

JOHNSTONE, J., files a dissenting opinion in which COOPER and KELLER, JJ., join.

COOPER, Justice, Dissenting.

As Justice Johnstone points out in his separate dissent, Preston chose to try her case in Georgia and lost. Now the majority of this Court holds that she can try her case again in Kentucky where her prospects for success presumably will be better. In so doing, the majority opinion not only (1) condones the worst case scenario of forum shopping, but also (2) ignores the principles of res judicata and issue preclusion, and (3) divests USF & G of its subrogation right to indemnity against the tortfeasor.

The majority says that the issue of apportionment is barred from relitigation. (Op. at 149.) While USF & G may choose not to relitigate that issue, it is a grievous misstatement of the law to say that it is barred from doing so. Although USF & G was not a party to the Georgia lawsuit, it could assert "issue preclusion" against Preston, because she was a party and had a full and fair opportunity to present her case. *Sedley v. City of West Buechel,* Ky., 461 S.W.2d 556 (1970); *Cooper v. Automobile Club Ins. Co.,* Ky.App., 638 S.W.2d 280

11. *Simon v. Continental Ins. Co.,* Ky., 724 S.W.2d 210, 212–213 (1986); *Hendrix v. Fireman's Fund Ins. Co.,* 823 S.W.2d 937, 938 (1991); *see also Kentucky Farm Bureau Mutual Ins. Co. v. McKinney,* Ky., 831 S.W.2d 164, 166 (1992) (language of insurance contract should be liberally construed and all doubts resolved in favor of the insured).

12. *Anderson v. Reconstruction Finance Corp.,* Ky., 281 Ky. 531, 136 S.W.2d 741, 742–743 (1940).

13. *See Blue Valley Creamery Co. v. Cronimus,* Ky., 270 Ky. 496, 110 S.W.2d 286, 290 (1937)(holding that the liability of a principal or master to a third person, based upon *respondeat superior,* is "purely derivative," and thus a judgment on the merits for or against the agent or servant is *res judicata* vis-a-vis the principal or master though he was not a party to the action).

(1981). However, Preston cannot assert "issue preclusion" against USF & G, because USF & G has not had an opportunity to litigate the issue of liability and, as the majority points out, its liability is not vicarious or "purely derivative" of that of the tortfeasor.

Finally, the majority opinion divests USF & G of its right of subrogation for indemnity against the tortfeasor, KRS 304.20–020(4), *Wine v. Globe Am. Cas. Co.*, Ky., 917 S.W.2d 558, 562 (1996), whose liability for damages arising out of this accident has been judicially determined to be zero. Under the principle established in *Puckett v. Liberty Mut. Ins. Co.*, Ky., 477 S.W.2d 811 (1971), an insurer having paid its insured under its uninsured motorists coverage can still seek indemnity against the tortfeasor either by third-party complaint or by separate action. But here, the uninsured motorist has been immunized from a claim for indemnity, because he has already been exonerated by the court in which the insured chose to bring her tort action against him. A subrogee stands in the shoes of its subrogor and has no greater cause of action than would the subrogor. *Sharp v. Bannon*, Ky., 258 S.W.2d 713 (1953). Preston no longer has a cause of action against the uninsured tortfeasor; *ergo*, USF & G can acquire no subrogation rights against him.

I agree with Justice Johnstone that the majority opinion in this case makes absolutely no legal sense. It only achieves a desired result of granting a second bite of the apple to a plaintiff who has already had her day in court and lost.

JOHNSTONE and KELLER, JJ., join this dissenting opinion.

JOHNSTONE, Justice, Dissenting.

The majority interprets the phrase "legally entitled to recover" to mean that an insured must only prove: (1) the fault of the uninsured motorist; and (2) the extent of damages caused by the uninsured motorist. I have no quarrel with this interpretation in general. As pointed out by the majority, a number of jurisdictions interpret the phrase this way. Further, the interpretation does not appear to be inconsistent with Kentucky law. However, as applied to the facts of this specific case, the majority's interpretation of the phrase is Orwellian. It can only be described as an exercise in obfuscation to reach a desired result that is contrary to the very words of the contractual provision it purports to interpret. That provision provides:

> We will pay all sums the insured is legally entitled to recover as compensatory damages from the owner or driver of an uninsured motor vehicle.

Pursuant to the Georgia judgment—a valid, legal judgment—Preston is entitled to recover no compensatory damages against West, the uninsured motorist. Preston did not have to bring the lawsuit against West in Georgia in order to recover uninsured motorist benefits from USF & G. *Puckett v. Liberty Mutual Insurance Co.*, Ky., 477 S.W.2d 811, 814 (1972). However, once she did bring suit and that lawsuit was reduced to judgment, the damages she was legally entitled to recover from West were necessarily determined by that judgment. To say otherwise is to say that water is not wet. To hold otherwise is to ignore our duty to uphold the rule of law.

Therefore, I dissent.

COOPER and KELLER, JJ., join this dissent.